342 So.2d 1172 (1977)
Beverly J. COHRS
v.
James C. MEADOWS d/b/a Meadows Lumber Company and United States Fidelity and Guaranty Company.
No. 11141.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Garic K. Barranger, Covington, for plaintiff and appellee.
Michael J. Paduda, Jr., John N. Gallaspy, Bogalusa, for defendants and appellants.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Beverly J. Cohrs, plaintiff-appellee, and against James C. Meadows and United States Fidelity and Guaranty Company, defendants-appellants, awarding the appellee workmen's compensation benefits for permanent disability and medical expenses. Appellee did not appeal and did not file an answer to the appeal taken.
The facts of this case as stated by the District Court are:
"The plaintiff was employed along with her husband on defendant's horse farm in St. Tammany Parish. On October 10, 1973, she suffered an insect sting and required out-patient treatment for hyperreaction to the stinging insect. Approximately seven days later she was again stung while working on the farm. She again suffered a reaction and called Dr. Mitchell who told her to come to his office the next day. When she awoke the next morning she collapsed and was rushed to the hospital where she remained for eight days. She was diagnosed as having suffered a delayed hypersensitivity *1173 reaction to a stinging insect bite. She is presently undergoing desensitization treatments, and has been advised to avoid as much as possible the risk of future stings which eliminates her from doing almost any work on the outside.
"At the time she was stung Mrs. Cohrs was working as a groom for the defendant. In her job she was generally to handle and groom horses as well as do other necessary work on the horse farm where her husband was employed as a trainer. She had held this type employment with five other horse farms prior to her sting. She now lives on another horse farm with her husband but does no outside work."
Based on these facts the District Court held that the appellee had suffered a compensable accident and was permanently disabled within the meaning of the workmen's compensation law. The Court awarded compensation at the rate of $32.50 per week for 500 weeks, $1,502.00 for medical expenses incurred to date and future medical expenses as provided by law.
The errors specified by the appellants are:
"1. That the Trial Court erred in finding the plaintiff had a compensable accident and was entitled to benefits under the Workmen's Compensation act, since plaintiff did not prove her case by a preponderance of the evidence.
"2. That the Trial Court erred in concluding that plaintiff is totally and permanently disabled. More particularly, this is error in view of the following:
a. Even if she is disabled to do whatever vague activities were expected of her (and the proof is very scant as to what she did) she had no craft or specialty, and her own testimony confirms the many jobs that are available to her, away from and completely removed from a farm.
"3. That the Trial Court erred in allowing plaintiff five hundred weeks of compensation when plaintiff sued for weekly benefits `for a period not to exceed four hundred weeks.'"
R.S. 23:1031 provides in part:
"If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated."
Meadows testified that he hired the appellee and her husband to run his farm. The appellee and her husband both testified that she received the second sting while working on the farm. Where there is evidence before the trier of fact which furnishes a reasonable base for the Court's finding, an Appellate Court will not disturb this finding in the absence of manifest error. The District Court's finding that the appellee suffered a compensable injury was not manifestly erroneous.
At the time of her injury, the appellee was employed as a groom, assisting her husband in the care of Meadows' thoroughbred horses. The record indicates that she was a skilled worker with considerable experience in caring for thoroughbred horses. Because of her reaction to the bee sting, she can no longer perform this or any other work which requires outdoor activity.
A skilled worker is permanently and totally disabled when his injuries prevent him from performing work of the same or a similar nature to the work he is accustomed to perform. Castile v. H. E. Wiese, Inc., La.App., 231 So.2d 406 (1st Cir., 1970). By this test, the appellee is permanently disabled.
Code of Civil Procedure Article 862 provides:
"Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."
*1174 The appellee is entitled to workmen's compensation benefits for permanent total disability. The appellee's injury occurred in October, 1973. Under Act 25, Ex.Sess. of 1968, workmen's compensation benefits for permanent total disability are due during the period of disability up to a maximum of 500 weeks. The appellee's recovery for her disability is not limited to 400 weeks by her pleadings.
For the above reasons, the judgment of the District Court is affirmed. Cost to be paid by appellants.
AFFIRMED.